**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

CHARLES W. ELDRIDGE,       :
                           :
       Petitioner,          :
                           :
v.                          :     CASE NO.: 5:07-CV-464 (WLS)
                           :
DARRELL HART,           :
                           :
       Respondent.      :
_____:

## ORDER

      Before the Court is a Report and Recommendation from United States Magistrate Judge Charles H. Weigle, filed November 19, 2010. (Doc. 28). It is recommended that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and Amendment thereto (Doc. 12) be denied. (Doc. 28 at 12). Petitioner timely filed an Objection. (Doc. 30).

      For the following reasons, the objections set forth in Petitioner's Objection (Doc. 30) are **OVERRULED** and United States Magistrate Judge Weigle's November 19, 2010 Report and Recommendation (Doc. 28) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and Amendment thereto (Doc. 12) are **DENIED**.

      The requests found in Petitioner's Objection to reserve the right to make future objections (Doc. 30 at 12-13) are **DENIED**.

Ground One of Petitioner's Federal Habeas Corpus Petition asserts that the state trial court erred in denying Petitioner's motion to suppress. (Doc. 1 at 5). Judge Weigle's Report and Recommendation ("R&R") discusses the facts and law relevant to Ground One. (Doc. 28 at 6-7). The Court's review of Petitioner's Objection shows that it does not specifically address the motion to suppress. (*See generally* Doc. 30). Accordingly, the Court finds that Petitioner has **WAIVED** his objection to Ground One.

Ground Two of Petitioner's Federal Habeas Corpus Petition asserts that the state trial court erred in refusing to charge the jury regarding alibi. (Doc. 1 at 6). Judge Weigle's R&R discusses the facts and law relevant to Ground Two. (Doc. 28 at 7-8). The Court's review of Petitioner's Objection shows scant reference to alibi therein, and only in the form of conclusory assertions that the state court committed error. (*See generally* Doc. 30). The Court thus finds that Petitioner's Objection fails to rebut the legally sound recommendation of Judge Weigle regarding Ground Two, and the objection therefore is **OVERRULED**.

Ground Three of Petitioner's Federal Habeas Corpus Petition asserts that the state trial court erred in refusing to charge the jury regarding identification. (Doc. 1 at 8). Judge Weigle's R&R discusses the facts and law relevant to Ground Three. (Doc. 28 at 7-8). The Court's review of Petitioner's Objection shows Petitioner's repeated assertion that an identification charge should have been delivered to the jury and the factual reasons therefor. (Doc. 30 at 16-17, 20). As Judge Weigle's R&R states, however, the state appellate court ruled on the matter of the identification instruction (Doc. 28 at 8), and Petitioner's Objection makes no showing that the decision was contrary to or an unreasonable application of clearly established federal law, which is the standard of review for this Court. *See* Williams v. Taylor, 529 U.S. 362 (2000).

The Court thus finds that Petitioner's Objection fails to rebut the legally sound recommendation of Judge Weigle regarding Ground Three, and the objection therefore is **OVERRULED**.

Ground Four of Petitioner's Federal Habeas Corpus Petition asserts insufficient evidence to support the verdict. (Doc. 1 at 10). Judge Weigle's R&R discusses the facts and law relevant to Ground Four. (Doc. 28 at 8). The Court's review of Petitioner's Objection shows scant reference to insufficient evidence therein, and only in the form of conclusory assertions that insufficient evidence led to his conviction. (*See* Doc. 30 at 5-6; *see generally* Doc. 30). The Court thus finds that Petitioner's Objection fails to rebut the legally sound recommendation of Judge Weigle regarding Ground Four, and the objection therefore is **OVERRULED**.

Ground Five of Petitioner's Federal Habeas Corpus Petition asserts that the state trial court erred in admitting Petitioner's out-of-court statements to his parole officer. (Doc. 1-1 at 1). Judge Weigle's R&R discusses the facts and law relevant to Ground Five. (Doc. 28 at 8). The Court's review of Petitioner's Objection shows that it does not specifically address the out-of-court statements to his parole officer. (*See generally* Doc. 30). Accordingly, the Court finds that Petitioner has **WAIVED** his objection to Ground Five.

Grounds Six, Seven, Eight, and Nine of Petitioner's Federal Habeas Corpus Petition (Doc. 1-1 at 3) and Ground One of Petitioner's Amendment to his Federal Habeas Corpus Petition (Doc. 12 at 1) assert error by the state trial court and his trial counsel in failing to advise Petitioner of an alleged right to new counsel on appeal and failing to appoint such new appellate counsel for Petitioner. Judge Weigle's R&R states that Petitioner failed to raise such grounds both on direct appeal to the state appellate court and in previous state habeas corpus proceedings. (Doc. 28 at 9-10). Upon review of the procedural record (*see generally* Doc. 15), the Court concurs with Judge Weigle's assessment of Petitioner's failure to exhaust in state proceedings.

Because Petitioner's Objection fails to show that said claims could not have been raised in the original or amended state habeas corpus petitions, *see* <u>Chambers v. Thompson</u>, 150 F.3d 1324 (11th Cir. 1998), Court finds that Petitioner's Objection fails to rebut the legally sound recommendation of Judge Weigle regarding Grounds Six, Seven, Eight, and Nine of Petitioner's Federal Habeas Corpus Petition and Ground One of Petitioner's Amendment to his Federal Habeas Corpus Petition, and the objection therefore is **OVERRULED**.

Ground Ten of Petitioner's Federal Habeas Corpus Petition asserts that his trial counsel was ineffective at the grand jury stage of the state criminal proceedings. (Doc. 1-1 at 5). Judge Weigle's R&R discusses the facts and law relevant to Ground Ten. (Doc. 28 at 10). The Court's review of Petitioner's Objection shows that it does not specifically address the grand jury stage of his state criminal proceedings. (*See generally* Doc. 30). Accordingly, the Court finds that Petitioner has **WAIVED** his objection to Ground Ten.

Ground Two of Petitioner's Amendment to his Federal Habeas Corpus Petition asserts that his trial counsel was ineffective in failing to procure an expert. (Doc. 12 at 1-2). Judge Weigle's R&R discusses the facts and law relevant to the Amendment's Ground Two. (Doc. 28 at 10-12). The Court's review of Petitioner's Objection shows that it does not specifically address experts. (*See generally* Doc. 30). Accordingly, the Court finds that Petitioner has **WAIVED** his objection to the Amendment's Ground Two.

Grounds Three and Four of Petitioner's Amendment to his Federal Habeas Corpus Petition assert ineffective assistance of counsel in (i) failing to subpoena a witness and (ii) failing to develop Petitioner's alleged alibi defense, respectively. (Doc. 12 at 2). Judge Weigle's R&R states that Petitioner failed to raise such grounds both on direct appeal to the state appellate court and in previous state habeas corpus proceedings. (Doc. 28 at 10). Upon review of the

procedural record (*see generally* Doc. 15), the Court concurs with Judge Weigle's assessment of Petitioner's failure to exhaust in state proceedings. (The Court notes that the Amendment's Ground Four addresses the alleged failure of *trial counsel* to develop Petitioner's alibi, whereas Ground Two of the Federal Habeas Petition addresses the alleged failure of the *trial court* to charge the jury regarding alibi.) Because Petitioner's Objection fails to show that said claims could not have been raised in the original or amended state habeas corpus petitions, *see* Chambers, 150 F.3d 1324, Court finds that Petitioner's Objection fails to rebut the legally sound recommendation of Judge Weigle regarding the Amendment's Grounds Three and Four, and the objection therefore is **OVERRULED**.

The ten (10) grounds raised in Petitioner's Federal Habeas Corpus Petition (Doc. 1) and the four (4) grounds raised in Petitioner's Amendment to his Federal Habeas Corpus Petition (Doc. 12) are addressed above by the Court. The Court's review of Petitioner's Objection reveals two new claims raised by Petitioner: (i) that trial counsel lacked adequate time to prepare for trial (Doc. 30 at 11) and (ii) that "contaminated" evidence was admitted at trial (*id.* at 17, 20). Because neither of said claims were asserted in Petitioner's Federal Habeas Corpus Petition or Amendment thereto (*see generally* Docs. 1, 12), they are not properly before this Court and are accordingly **OVERRULED** and **DENIED**. All other objections raised in Petitioner's Objection (Doc. 30) not heretofore addressed by the Court are **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the objections set forth in Petitioner's Objection (Doc. 30) are **OVERRULED** and United States Magistrate Judge Weigle's November 19, 2010 Report and Recommendation (Doc. 28) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and Amendment thereto (Doc. 12) are **DENIED**.

**SO ORDERED**, this __28th__ day of December, 2010.

 /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**